IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL MCCURRY, ) | |
| TAMMIE MCCURRY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  2:14-cv-80 |
| ) | (WO – Do Not Publish) |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Notice of Removal (Doc. #1) and Plaintiffs Michael McCurry ("M. McCurry") and Tammie McCurry's ("T. McCurry") Motion to Remand (Doc. #7).  For the reasons discussed below, Plaintiffs' Motion to Remand (Doc. #7) is due to be DENIED.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs commenced this action in the Circuit Court of Montgomery County on October 30, 2013, and brought a variety of claims against Wells Fargo alleging that Wells Fargo accepted Plaintiffs' mortgage payments but refused to apply the funds to the balance of their mortgage, which eventually resulted in M. McCurry filing for bankruptcy.  On February 7, 2014,[1] Wells Fargo removed the case to this Court and asserted federal

---

[1] Although the lawsuit was filed on October 30, 2013, it appears that Wells Fargo was not properly served until January 9, 2014.  (Doc. #1-1, at 2, 38, 68–69.)  Thus, Wells Fargo's removal was timely under 28 U.S.C. § 1446(b).

1

jurisdiction under the statute conferring original jurisdiction on district courts for cases under, arising under, or arising in or related to cases under the Bankruptcy Code. (Doc. #1.) Wells Fargo asserts that Plaintiffs' state court action is sufficiently related to M. McCurry's Chapter 13 bankruptcy case as to come within federal jurisdiction.

Plaintiffs allege as follows in their complaint:

As alleged in the complaint, after Plaintiffs defaulted on their payments with the mortgage held by Wells Fargo, they attempted to arrange a repayment plan in August 2011. Plaintiffs were told they needed to apply for a loan modification plan before they could be given a repayment schedule. Wells Fargo told Plaintiffs not to make mortgage payments until their application for a loan modification was approved, but Wells Fargo did not inform Plaintiffs that they did not qualify for a loan modification until January 30, 2013. Plaintiffs inquired about making mortgage payments during the two-year period they sought a loan modification, but Wells Fargo refused or failed to respond to their inquiries. Plaintiffs began making monthly mortgage payments in July 2012 despite Wells Fargo telling them not to and continued to do so through June 2013. Plaintiffs allege that, in breach of their mortgage agreement, Wells Fargo held these funds in an unapplied account and refused to apply the payments to their mortgage. As of June 1, 2013, Plaintiffs had paid Wells Fargo $17,217.36, but Wells Fargo's bank statement for June 1, 2013 showed Plaintiffs owed a balance of $10,286.05 on their mortgage.

Plaintiffs further allege that in April 2013 M. McCurry filed a petition for bankruptcy

under Chapter 13 of the Bankruptcy Code in the Middle District of Alabama. During the bankruptcy proceedings, Wells Fargo filed a Proof of Claim for $9,312.95 in pre-petition arrearage resulting from Plaintiffs alleged failure to make mortgage payments. Plaintiffs objected to Wells Fargo's claim on the grounds that Wells Fargo was holding their payments in a suspense account and was refusing to apply the payments to the balance now sought. Plaintiffs also filed a motion with the bankruptcy court to allow them to pursue a possible cause of action against Wells Fargo for failure to apply their payments to the arrearage. On February 20, 2014, the bankruptcy court entered an Agreed Order approving a settlement reached between Plaintiffs and Wells Fargo in which Plaintiffs would pay Wells Fargo $1,707.94 in arrearage. The order further stated that "Wells Fargo and the Debtor have agreed to release any and all other rights, claims, defenses, or objections either of them has or had relating to the amounts included in Wells Fargo's Claim #5." (Bankr. Doc. #36, 13-31103.)

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). As such, federal courts have the power to hear only cases that they have been authorized to hear by the Constitution or by the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. One type of case that Congress has empowered federal courts to hear are cases that have been removed by a defendant from state to federal court if the

plaintiff could have brought his or her claims in federal court originally. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removing defendant bears the burden of demonstrating that a district court has original jurisdiction over the subject matter of an action. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Although remanding a case back to state court is the favored course of action when the existence of federal jurisdiction is not absolutely clear, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Burns*, 31 F.3d at 1095; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

### III. DISCUSSION

Wells Fargo removed this case pursuant to 28 U.S.C. § 1446, the general removal statute, as well as 28 U.S.C. § 1452, which allows for removal of cases where the district court has subject matter jurisdiction under 28 U.S.C. § 1334. Section 1334 provides district courts with "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). Section 1334(b) "creates jurisdiction in three categories of proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999). "Arising under" jurisdiction is created where the case involves matters invoking a substantive right created by the Bankruptcy Code. *Id.* at 1345. "Arising in a case under" jurisdiction is "generally thought to involve administrative-type matters . .

. or . . . matters that could arise only in bankruptcy." *Id.* (internal quotations and citations omitted). Jurisdiction that is "related to cases under title 11" establishes "the minimum for bankruptcy jurisdiction" and is "extremely broad." *Id*. "Related to" jurisdiction requires only that "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (internal quotation and citation omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.3d 984, 994 (3d Cir. 1984)).

It is clear that Plaintiffs' state court complaint is "related to" their Chapter 13 bankruptcy proceeding. The outcome of the proceeding would have an effect on the estate administered in bankruptcy because a successful suit by Plaintiffs would reduce or even eliminate the arrearage amount sought by Wells Fargo in the bankruptcy case and potentially result in punitive damages against Wells Fargo. The state court complaint is thus a case that "could alter the debtor's rights, liabilities, [or] options" by reducing a claim against it and creating a right to damages against Wells Fargo. *Lemco*, 910 F.2d at 788; s*ee Hatcher v. Lloyd's of London*, 204 B.R. 227, 230 (M.D. Ala. 1997) (holding that "related to" jurisdiction existed because "'monetary relief which may be obtained in this case by the [debtors] would possibly become property of their bankruptcy estate'") (citations omitted). Thus, since resolution of Plaintiffs' suit affects the bankrupt's estate, this Court has original jurisdiction

5

over this case under the "related to" provision of 28 U.S.C. § 1334(b).[2]

Since this Court has jurisdiction under 28 U.S.C. § 1334(b), Plaintiffs' Motion to Remand (Doc. #7) is due to be DENIED.  However, the Court does not reach the issue of whether it should abstain from hearing the case or remand the case on equitable grounds.  *See* 28 U.S.C. §§ 1334(c), 1452(b).  The Court believes these matters are best left to the expertise of the Bankruptcy Court.  The Court has authority to refer this case to the bankruptcy court pursuant to 28 U.S.C. § 157(a) and the Middle District of Alabama's General Order of Reference–Bankruptcy Matters, dated April 25, 1985, which states that "all cases under title 1, United States Code, and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the Bankruptcy Judges for this District."

---

[2] T. McCurry argues the Court does not have jurisdiction over her claims against Wells Fargo because she was not a debtor in the Chapter 13 proceeding.  (Doc. #7, at 2–3.)  But bankruptcy jurisdiction extends to "all civil proceedings" related to a title 11 case. 28 U.S.C. § 1334(b); *see also In re Superior Homes & Invs., LLC*, 521 F. App'x 895, 898 (11th Cir. 2013) (holding non-debtor defendants were subject to bankruptcy jurisdiction); *In re Munford, Inc.,* 97 F.3d 449, 454 (11th Cir. 1996) (holding that bankruptcy court had jurisdiction to bar claims for contribution and indemnity by one nondebtor against another nondebtor because the claims, if allowed to be brought, would affect the amount of money in the bankruptcy estate).  Accordingly, the Court's jurisdiction extends to Plaintiffs' state court case as a whole, including T. McCurry's claims.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. Plaintiffs' Motion to Remand (Doc. #7) is DENIED.

2. This case is REFERRED to the United States Bankruptcy Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 157(a) and the Middle District of Alabama's General Order of Reference–Bankruptcy Matters, dated April 25, 1985, to be considered and determined in relation to its Case No. 13-31103-DHW.  The Clerk is DIRECTED to forward a copy of this Order to the Bankruptcy Court.

DONE this the 16th day of May, 2014.

                                                    /s/  Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE